MANN v. HEFTER.

(Supreme Court, Appellate Term. April 8, 1911.)

1. COURTS (§ 189*) — MUNICIPAL COURTS — PASSING CASE — ENGAGEMENT OF COUNSEL.

Where, on the day a case was called for trial in the Municipal Court, an affidavit that defendant's attorney was about to argue a case on the day calendar of the Appellate Division was presented, the Municipal Court justice should pass the case for the day, both under the rules of the Supreme and City Courts, and independent thereof.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. APPEAL AND ERROR (§ 767*)—COSTS (§ 238*)—BRIEFS—CONTENTS--IMPROPER MATTER—STRIKING FROM FILES.

Where appellant's attorney in his brief did not confine himself to the issues raised, but incorporated therein personal criticism of the justice from whose decision the appeal was taken, the brief will be stricken from the files and costs of the appeal denied, though the order was reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3102; Dec. Dig. § 767;* Costs, Cent. Dig. §§ 908–919; Dec. Dig. § 238.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings by Alexander Mann against Ike Hefter. From a Municipal Court order denying defendant's motion to vacate and set aside a final order in summary proceedings and to open defendant's default, he appeals. Reversed.

See, also, 125 N. Y. Supp. 1104.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Frank M. Franklin, for appellant.
Charles Frankel, for respondent.

LEHMAN, J. The landlord has obtained a final order in summary proceedings after an inquest. When the case was called on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

day calendar, a clerk of the tenant's attorney presented an affidavit that the attorney was about to argue a cause upon the day calendar of the Appellate Division to be called on the same day at 10 a. m. Nevertheless the case was sent to a part for trial and an inquest taken. Thereafter the tenant moved to open his default, and appeals from the order denying the motion.

[1] The rules of the Supreme Court and the City Court require that under the circumstances disclosed the cause should be passed for the day. Even if the rules of the Municipal Court have no such provision, it would appear that the discretion of the justice denying the motion was wrongly exercised. The order should therefore be reversed, and the motion granted.

[2] This court has repeatedly been forced to announce that it will receive no briefs that do not confine themselves to the issues raised on the appeal. Every brief in which a disappointed attorney vents his ill humor by personal criticism of the justice from whose decision he appeals should be summarily stricken from the files of this court. The attorney for the appellant has seriously infringed this rule, and deprived himself of the right to ask any favors of this court. His brief is therefore ordered stricken from the files, and, since the award of costs on this appeal lies in the discretion of the court, the order is reversed, without costs, and his motion granted, without costs.

Order reversed, without costs, and motion granted, without costs. All concur.