A. MAKRAY, INCORPORATED, RESPONDENT, v. WILLIAM
McCULLOUGH, APPELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

1. The rule is well settled that, in addition to specifying alleged
   errors complained of, briefs should state reasons showing why
   the rulings are erroneous.
2. This court need not, and ordinarily will not, consider a question
   not raised and argued before it.
3. Grounds of appeal which point out no error in the proceedings,
   and which are not argued, will not be considered.
4. A ground of appeal that the verdict was contrary to the weight
   of evidence, is not cognizable in an appellate court, but is only a
   reason why, on rule to show cause in the trial court, the verdict
   should be set aside and a new trial granted.
5. The practice of inserting in briefs language which impugns the
   motives and conduct of the trial judge is very reprehensible and
   deserving of the strongest censure, and statements objectionable
   in that regard will not be considered. Error cannot be intensi-
   fied by hostility, and invective is not argument.
6. The brief for defendant-appellant (the only one filed in this
   court in this cause) being objectionable in the matter mentioned,
   will be suppressed and not preserved with the printed record of
   the case.

---

On appeal from the Supreme Court.

For the appellant, *Jerome J. Dunn.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. Plaintiff sued in the Supreme
Court in an action at law against the defendant for com-

missions alleged to be due under a contract made by the plaintiff, a real estate brokerage concern, with the defendant. The cause was tried at the Hudson Circuit before Judge Ackerson and a jury, and resulted in a verdict for the plaintiff, who had judgment thereon. From that judgment the defendant appeals to this court, and assigned five grounds for reversal, as follows: (1) Because the entire charge of the court was contrary to law; (2) because the verdict was contrary to law; (3) because the verdict was contrary to the weight of evidence; (4) because the court erroneously permitted the attorney for the plaintiff to interrogate the jury (in respect to matters mentioned), over objections of the attorney for the defendant; (5) because the court erred in refusing to grant a mistrial, upon motion by the attorney for the defendant (upon grounds stated).

The cause was listed for argument at the October term, 1926, of this court, and, upon the call of the calendar, it was announced that it would be submitted on briefs by consent. Only one brief has been filed, that for the defendant-appellant. And it argues only one of the grounds of appeal, namely, (3) because the verdict was contrary to the weight of evidence. This is the only ground of appeal which is not arguable in this court. The others would be if they specified any grounds of error.

The first ground is that the entire charge of the court was contrary to law. It is not pointed out wherein it was contrary to law, and, plainly, it would be quite impossible for the entire charge to be of the character mentioned. The second ground, that the verdict was contrary to law, fails to point out wherein it is contrary, if, in fact, it were. The fourth ground, that the court erroneously permitted certain interrogatories to the jury, is not argued in the brief. Neither is the fifth ground, that the court erred in refusing to grant a mistrial.

As already remarked, the only question argued in the brief is not arguable in this court. At the end of the brief is the following: "In conclusion, while not arguing the other grounds of appeal urged by the defendant (1, 2, 4, 5), we ask

the court's indulgence in considering them when reading the state of the case, and that the judgment in this case be reversed, or at least that a *venire de novo* be granted to the defendant." It is not perceived how a *venire de novo* could be awarded without first reversing the judgment. Not only are the grounds of appeal other than the third not argued, but in the submission of the others to the court we are not asked to reverse because of them, but, beside the statement that they are not argued, "the court's indulgence" is asked in considering them when reading the state of the case. Presumably, this is a covert request that if we find any error, although not pointed out to us, and not relied upon by the defendant, that we be good enough to reverse.

The rule is well settled that, in addition to specifying the alleged errors complained of, briefs should state reasons to show why the rulings are erroneous. 3 *C. J.* 1428, § 1591, and cases cited. This is the equivalent of the doctrine of this court that we need not, and ordinarily will not, consider a question not raised and argued in the court below, unless it goes to jurisdiction or involves public policy. *Allen* v. *Paterson,* 99 *N. J. L.* 489. And this doctrine applies equally when a case is here on appeal from the trial court as it does when it is here on appeal from an intermediate appellate tribunal. And this court, for the same reason, will not consider questions not argued before it. Neither jurisdiction nor public policy is involved in the case at bar.

Even if argued, grounds of appeal Nos. 1 and 2 point out no error in the proceedings, and therefore would not be considered. *Valenti* v. *Blessington,* 96 *N. J. L.* 498; *Abbe* v. *Erie Railway Co.,* 97 *Id.* 212. Of causes Nos. 4 and 5, it is sufficient to say that they are not argued in the brief, and as they do not go to the question of jurisdiction or public policy, they will not be considered. That leaves only the third ground, that the verdict was contrary to the weight of evidence, which is a ground not cognizable in this court. It has been decided over and over again that the weight of evidence can only be availed of on rule to show cause in the trial court why the verdict should not be set aside and a new

trial granted.   See *Ratz* v. *Hillside Bus Owners Association, post, p.* 502, citing *Van Sciver* v. *Public Service Railway Co.,* 96 *N. J. L.* 13, and *Bozza* v. *Leonardis,* 3 *N. J. Mis. R.* 1186.

There is a matter contained in the brief for the defendant-appellant which deserves, and must receive, severe censure. In the brief are the following amazing statements: "We further urge that the ruling of the trial court preventing the introduction of the secret agreement into the evidence on so many occasions, had such an effect upon the jury as to so prejudice their minds against the defendant, and to lead them to entirely disregard the testimony of the defendant and the exhibit offered by defendant  *  *  *  which was finally allowed to go into evidence.   The whole attitude of the court was that of prejudice against the defendant, which we contend reflected on the jury.  *  *  *  We urge in conclusion, first of all, that the hostile attitude of the trial court in ruling on the introduction in evidence of the secret agreement, in this case, prejudiced the minds of the jury, and the jury, because of this, failed to take it into consideration when the exhibit was finally permitted to be introduced in the evidence, and because of these facts the verdict was against the weight of evidence."  .

Without attempting to analyze any of the singular expressions contained in the above quotation from the brief, we desire to say that our examination of the case fails to disclose any prejudice in the conduct of the court against the defendant.   There appears to have been no hostile attitude of the trial judge which could have prejudiced the minds of the jury.   Nor would it have been material on this inquiry if there were.   The only question before us is, Was there error?   If there were, it could not have been intensified by hostility from the court.   Error is error and it is without degree.

The language in the brief is not only an affront to the judge of the Circuit Court, to whom it is directed, but also to this court, where in the aspersion on the court below is exploited in the written argument.   The law on this subject is entirely settled.

*Corpus Juris* clearly states the law bearing on this sort of offense, supported by abundance of authority, as follows: "A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel. Invectives are not argument, and have no place in legal discussion. \* \* \* The practice of inserting in briefs language which tends to bring ridicule on the trial judge, or which impugns his motives and conduct, is considered a very reprehensible one and deserving of the strongest censure, and statements objectionable in this regard will not be considered. The penalty therefor depends in a measure on the degree of the offense. In a number of cases the reviewing court has seemed to consider it sufficient to reprimand counsel and sound a note of warning against any further repetition of his misconduct. In other cases objectionable matter has been ordered stricken from the briefs. And in other cases the court, on motion of counsel or on its own motion, has ordered the objectionable briefs to be stricken from the files." 3 *C. J.* 1432, § 1595.

There is, apparently, only one case in which the language of a trial judge, said to have wronged a party, was not stricken out, and that was in *Zinser* v. *Sanitary District of Chicago,* 175 *Ill. App.* 9. But that was put upon the ground that if the appellant had been wronged by the demeanor and language of the trial judge, it had a right to have the matter investigated. Apparently, that investigation could be had in the appellate court. Not so in this court. No authority is cited for the position taken by the Illinois court, and the decision is contrary to that in the other Illinois cases. See *Smith* v. *Bingman,* 3 *Id.* 65 (at *p.* 66); *Rosenberg* v. *Stern,* 77 *Id.* 248, 253; *Scroggin* v. *Brown,* 14 *Id.* 338.

"Where appellant's attorney in his brief does not confine himself to the issue raised, and incorporates therein personal criticism of the justice from whose decision the appeal is taken, the brief will be stricken from the files and costs of the appeal denied, though the judgment was reversed." *Mann* v. *Hefter,* 128 *N. Y. Supp.* 663.

This court itself has spoken on this subject in no uncertain terms in *Bennett* v. *Piatt*, 85 *N. J. Eq.* 602, as follows: "We regret that we must add that the brief filed in this court by counsel for the appellants is of such a character as to deserve severe rebuke. It contains reiterated aspersions upon the character of eminent counsel who appeared below for the respondents that are unwarranted by anything in the case. We appreciate the feeling that probably prompted counsel for the respondents in this court to pass it by, but we cannot permit a brief of that character to go unnoticed. It will be suppressed and not preserved with the printed record of the case and respondent's brief."

The brief in this case, like that in Bennett *v.* Piatt, will be suppressed and not preserved with the printed record of the case.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.