EDWARD KRAVIS, PROSECUTOR-APPELLANT, v. ERWIN
B. HOCK, DEPUTY COMMISSIONER OF ALCOHOLIC
BEVERAGE CONTROL OF THE STATE OF NEW JERSEY,
RESPONDENT.

Argued May 22, 1947—Decided September 12, 1947.

For the prosecutor-appellant, *Irving I. Jacobs.*

For the respondent, *Walter D. Van Riper,* Attorney-General (*Samuel B. Helfand,* of counsel).

The opinion of the court was delivered by

OLIPHANT, CHANCELLOR. This case presents an appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* allowed to review what is termed a "ruling and determination" of the Commissioner of Alcoholic Beverage Control which adjudged the prosecutor-appellant ineligible to hold employment in the alcoholic beverage trade by reason of his entering a plea of *nolle contendere* to an indictment for an offense involving moral turpitude. *R. S.* 33:1–25, 26.

Prosecutor-appellant was the licensed operator of a cafe located in Atlantic City where entertainment in the form of a floor show was presented. In August, 1943, his license was suspended as the result of an investigation by alcoholic beverage control agents which disclosed a lewd and obscene performance. He was indicted for the crime of aiding and abetting a lewd and lascivious entertainment based upon the same facts which resulted in the suspension of his license. On December 10th, 1943, he pleaded *nolle contendere* to the indictment and was sentenced thereon.

Thereafter, on June 8th, 1944, appellant transfererd his liquor license to his mother who still holds it. Because of the commission's suspicion that such transfer was one in name only and made for the purpose of allowing the appellant to, in fact, continue to operate the cafe, he and his mother were requested by letter to appear before the commission, he to be examined under oath, and he was advised that a hearing would be held to determine his eligibility to be employed in any capacity in the alcoholic beverage business.

Appellant voluntarily appeared, the hearing was held and he was examined under oath. He admitted his plea of *nolle contendere* to the indictment hereinbefore referred to, which was put in evidence.

The Commissioner ruled that appellant was ineligible to be employed by any liquor licensee in New Jersey because of his

*conviction* of a crime involving moral turpitude and advised him of such ruling by letter enclosing a "copy of his decision."

The statute *R. S.* 33:1–25 provides that no license shall be issued to any person who has been convicted of a crime involving moral turpitude, which admittedly the crime charged against this appellant did, while *R. S.* 33:1–26 provides that no person who cannot qualify as a licensee "shall be knowingly employed by or connected in any business capacity whatsoever with a licensee."

It should be noted that neither of the cited sections empower the Commissioner to make any rule or decision concerning the eligibility of an individual for employment on licensed premises. Nor is any such specific authorization given to the Commissioner under any other section of the statute.

The Alcoholic Beverage Law will be searched in vain for any provision authorizing the Commissioner to inquire generally into the status of a person desiring to be employed on licensed premises.

This is not to say that the Commissioner is powerless to act when a disqualified person is found actually employed on licensed premises. Under *R. S.* 33:1–31, the Commissioner may institute disciplinary proceedings against any licensee found employing an ineligible person. In addition, such violation of the statute is made a misdemeanor subjecting the offender, the licensee, to criminal proceedings. *R. S.* 33:1–51.

The plain language and intentment of the statute is to place the responsibility for the employment of a prohibited person on the licensee. This construction of the act was, on the argument, admitted and acquiesced in by counsel for the Commissioner.

The only control the Commissioner has over those employed in the liquor business is through the licensees. He has no power to rule a person ineligible to work in a licensed establishment except, on proper grounds, to order the licensee not to employ such person.

The action of the Commissioner was legally without force or effect. He was wholly without jurisdiction in the prem-

ises. It needs no citation of authorities to support the proposition that jurisdiction may not be conferred by consent and the failure to object to a lack of jurisdiction is not lost by acquiescence. If appellant had not voluntarily appeared the Commissioner was powerless to compel him so to do. Any order made by him could not be criminally enforced against the employee.

It is argued on behalf of respondent that the Commissioner's opinion is not the proper subject of review and that it was merely an advisory opinion. We agree with the opinion of the Supreme Court that the action of the Commissioner was more than an opinion. It was a ruling and determination in accord with an opinion or decision filed in the department and is the proper subject of review.

While the question of jurisdiction is not raised specifically in the reasons for reversal the rule is, this court may and can consider a question which goes to the jurisdiction or involves public policy, even though such a question was not raised below. *A. Makray, Inc.,* v. *McCullough,* 103 *N. J. L.* 346, 348; 135 *Atl. Rep.* 815; *Punk* v. *Botany Worsted Mills,* 105 *N. J. L.* 647; 147 *Atl. Rep.* 458; *Jasion* v. *Preferred Accident Insurance Co., &c.,* 113 *N. J. L.* 108, 111; 172 *Atl. Rep.* 367; *Dickinson* v. *Plainfield,* 116 *N. J. L.* 336, 338; 184 *Atl. Rep.* 195.

The main contention of appellant is that a plea of *nolle contendere* is not a *conviction* of a crime and relies on the decision of this court in *Schireson* v. *State Board of Medical Examiners,* 130 *N. J. L.* 570; 33 *Atl. Rep.* (2d) 911.

The opinion of the Supreme Court in the instant case held that decision did not apply. It attempted to distinguish the two cases on the ground that the Schireson decision was upon the theory that a property right was involved while it was concerned with no property right but a mere privilege. With this we cannot agree. The right of a person to work in trade or business is as much a property right as that of a licensed physician to practice his profession.

We do, however, agree with the conclusion of the Supreme Court that by appellant's plea of *nolle contendere,* followed by sentence and judgment, for the purpose of the Alcoholic

Beverage Control statute he admitted his guilt and in so doing was, within the meaning of the statute, convicted of the crime charged. This not because the decision in *Schireson* v. *The Board* does not apply but because we are of the opinion that decision should be expressly reversed.

The plea of *nolle contendere* has the same effect as a plea of guilty, so far as regards the proceedings on the indictment and the authorities in this state show that upon the acceptance of this plea the court is unrestricted by law with respect to the sentence which it may impose within the limits fixed by the statute for the punishment of the specific offense. *State* v. *Henson,* 66 *N. J. L.* 601, 608; 50 *Atl. Rep.* 468; *State* v. *Osborne,* 79 *N. J. Eq.* 430, 436; 82 *Atl. Rep.* 424. In this particular there is no distinction between a plea of *nolle contendere,* a plea of guilty, or a conviction after trial; although it is not necessary or proper that the court should adjudge the party to be guilty, but sentence should or can be imposed forthwith. *State* v. *Osborne, supra* (at *pp.* 436, 443).

When in a collateral civil proceeding the issue is one of guilt or innocence, the plea is not binding for the same wrong and the defendant is not estopped to deny his guilt. But where the issue is merely whether he has been *convicted* of a crime the plea can be shown. *Cf. Hill* v. *Maxwell,* 77 *N. J. L.* 766; 73 *Atl. Rep.* 501; *State* v. *Duelks,* 97 *N. J. L.* 43, 48; 116 *Atl. Rep.* 856. Chancellor Walker in *Johnson* v. *Johnson,* 78 *N. J. Eq.* 507, 511; 80 *Atl. Rep.* 119, quoted with approval from 12 *Cyc.* 354 "a plea of *nolle contendere,* which is still allowed in some jurisdictions, is an implied confession of the crime charged, and as regards the case in which it is entered, is equivalent to a plea of guilty, except that it gives to the accused the advantage of not being estopped to deny his guilt in a civil action based upon the same facts as he would be upon a plea of guilty."

Following sentence a person is *convicted* after both the pleas of guilty and *nolle contendere* even though there are differences in the general purpose of these pleas. If the Schireson case in this court is not overruled it would merely increase the great difficulty found by the legislature in attain-

ing desired results in legislation because of the many fine spun niceties woven by the courts into words which seem clear and understandable to the legislature when statutes are enacted.

The case of *Neibling* v. *Terry*, 177 *S. W. Rep.* (2d) 502, closely parallels the one at bar. Terry had pleaded *nolle contendere* to an information charging him with using the mails to defraud. Action to disbar him was taken under a statute which provided "if the charge alleges a conviction for any criminal offense involving moral turpitude, the court shall, on production of the record of such conviction, remove the attorney so convicted * * * without further trial." His answer asserted the convictions could not be used in the disbarment proceedings because they were entered on pleas of *nolle contendere*. In its opinion the court said, "By statute, in certain instances, a judgment of conviction has been given force because of the fact of its rendition. In such instances the judgment of conviction is made a basis for enforcing a statutory disability. Such statutes in nowise authorize the use of a conviction as an admission to be used to establish liability in a civil suit. Nor do the statutes make any distinction in convictions according to the nature of the plea resulting in such convictions. Nor is there any logical reason for a distinction. For statutory purposes a conviction on a plea of not guilty carries the same force as one entered on a plea of guilty." We subscribe to this doctrine. It is well settled that a judgment of conviction follows a plea of *nolle contendere* as a matter of course. *White* v. *Creamer*, 175 *Mass.* 567; 56 *N. E. Rep.* 832; *State* v. *Suick*, 195 *Wis.* 175; 217 *N. W. Rep.* 743; *Buck* v. *Commonwealth*, 107 *Pa.* 486; *State* v. *LaRose*, 71 *N. H.* 435; 52 *Atl. Rep.* 943; *United States* v. *Dasher* (*D. C.*), 51 *Fed. Supp.* 805; *United States* v. *Norris*, 281 *U. S.* 619; 50 *S. Ct.* 424; 74 *L. Ed.* 1076. In *United States* v. *Reimer*, 98 *Fed. Rep.* (2d) 92, it was held that after a plea of *nolle contendere* to an indictment a sentence upon such a plea is a *conviction*. The Supreme Court of Pennsylvania in *Commonwealth* v. *Jackson*, 94 *Atl. Rep.* 233, held that while a plea of *nolle contendere* does not preclude a defendant in a civil suit from

contesting the facts charged in the indictment it has the same effect so far as the indictment is concerned, and when judgment is entered on the plea the record is competent evidence of the fact of conviction. In line with the decision in that case, where the action is to enforce a statutory provision, as would be the situation in the instant case if the Commissioner had jurisdiction, the conviction being admitted, the only thing remaining would be to carry out the provisions of the statute.

Where the legislature by statute expressly provides for the revocation of a license upon conviction of a crime involving moral turpitude, it is immaterial whether that conviction is a result of a plea of guilty, or *nolle contendere*. The word *"conviction"* encompasses the sentence after a plea of *nolle contendere,* not the plea standing alone.

The judgment of the Supreme Court is reversed.

*For affirmance*—Bodine, Donges, JJ. 2.

*For reversal*—The Chancellor, Eastwood, Burling, Wells, Dill, Freund, McGeehan, McLean, JJ. 8.