8 N.J. Super. 573 (1950)
73 A.2d 761
IN THE MATTER OF THE APPLICATION OF ARNOLD SMITH FOR AN ORDER TO VOTE.
Superior Court of New Jersey, Essex County Court Law Division.
Decided May 12, 1950.
*574 Mr. Jerome D. Schwitzer, for the applicant.
Mr. Lester E. Mahr, for the Superintendent of Elections of Essex County.
HARTSHORNE, J.C.C.
The Superintendent of Elections has placed on the Challenge List the name of the applicant, a registered voter in Essex County, on the ground that on November 18, 1931, he was convicted in the State of Ohio of the larceny of an automobile of the value of $300. The applicant now applies to have his name removed from the challenge list in order that he may vote. [R.S. 19:32-10.]
The question thus is whether one is disenfranchised in New Jersey, by his conviction in a sister state, of a crime which would disenfranchise him if committed in this State.
The new State Constitution, so far as pertinent, provides "The Legislature may pass laws to deprive persons of the right of suffrage who shall be convicted of such crimes as it may designate." [N.J. Constitution, 1947, art. II, § 7.] Accordingly, the Legislature enacted a statute in 1948 providing that, "* * * No person shall have the right of suffrage * * * (2) who has been convicted of * * * larceny of above the value of six dollars * * *." [R.S. 19:4-1, as amended.] The above provisions substantially parallel the provisions of the preceding State Constitution, and the statutes applicable thereto.
The purpose of these provisions was "to maintain the purity of our elections by excluding those would-be voters whose status was deemed to be inimical thereto," and "not to invoke a punishment or a penalty." [Re Marino, 23 N.J. Misc. 159, 161 (Common Pleas, 1945).] Both for this reason, and because the words "convicted of crime" in similar statutes have consistently been held in New Jersey "to cover convictions of crime in any jurisdiction, Federal or State, domestic or foreign" [Ibid. 164] it was there held that one could not vote in New Jersey, who was convicted in the United States District Court for the District of New Jersey of a crime which, if in the state courts, would disenfranchise him.
*575 For the same reasons, a person so convicted in the courts of a sister state should be similarly disenfranchised in this State. Otherwise one would not only not maintain the purity of the ballot, but might unfairly discriminate between voters. If the next-door neighbor to the present applicant had been convicted in this State of the same crime as the applicant in Ohio, obviously this next-door neighbor could not vote in New Jersey. Can our Legislature have intended to permit this man to be denied the right to vote, when his next-door neighbor, convicted of the same character of crime, is permitted to vote? The question answers itself.
Nor do the use of the words "shall be convicted" in the present New Jersey Constitution, above quoted, apply only to persons convicted after its adoption, and leave applicant free to vote, together with all those convicted previously in New Jersey or elsewhere. The absurdity of any such contention has already been shown. [In re Palmer, 61 A.2d 922 (Cty. Ct. 1948), not officially reported.]
The application will be denied.