16 N.J. Super. 390 (1951)
84 A.2d 647
JOHN MacKINNON, PLAINTIFF-APPELLANT,
v.
MARTIN J. FERBER, DIRECTOR, DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND PUBLIC SAFETY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1951.
Decided November 15, 1951.
*392 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Jacob R. Mantel argued the cause for the appellant.
Mr. John J. Kitchen, Deputy Attorney-General, argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney-General, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
The appellant was convicted, first in July, 1931, and again in June, 1942, of driving a motor *393 vehicle while under the influence of intoxicating liquor, contrary to R.S. 39:4-50. Since the statute provides that for a second violation of this section of the statute the culprit shall "forfeit his right to thereafter operate a motor vehicle over the highways of this state," the Commissioner of Motor Vehicles put appellant's name on the list of those to whom no driver's license shall be issued. In April, 1951, appellant demanded that the Commissioner remove his name from the prohibitory list and relicense him to drive, or at least accord him a hearing at which the Commissioner determine whether or not appellant may safely be licensed to drive a car. The Commissioner refused on the ground that the statute does not authorize him to relicense one whose right to drive has been forfeited because of a second violation of section 39:4-50. This suit  in the form of an appeal under Rule 3:81-8  is brought to compel the Commissioner to accede to the appellant's demand.
Upon finding appellant guilty upon the second occasion, that is, in 1941, the magistrate fined him $200 and adjudged that his license be revoked for two years. This was a proper penalty for a first offense but not for a second, since imprisonment for three months is mandatory upon the second conviction. Hence, argues appellant, the State is estopped from alleging that the violation in 1941 was a second violation. The point is not well taken, for the issue whether the violation was a first or subsequent violation was not raised, litigated or decided in the magistrate's court. Chirelstein v. Chirelstein, 12 N.J. Super. 468, 481 (App. Div. 1951).
Appellant next contends, in effect, that a forfeiture of his right to operate a motor vehicle can be adjudged only by the magistrate, and as a part of the sentence imposed upon the second conviction for driving while intoxicated; and that the Commissioner, acting as an administrative officer, cannot make the determination of the forfeiture.
Upon appellant's second conviction, the magistrate, unaware of the earlier conviction, adjudged that his license be revoked for two years. The Commissioner, upon receiving a *394 report of the conviction and finding a record of the earlier conviction in his files, notified appellant, "Your driving privilege is revoked permanently," and "This Department has placed your name upon the prohibitory list to be denied a driver's license permanently." Appellant's license, which he held at the time of his conviction, like all driver's licenses, ran for one year only. R.S. 39:3-10. It was the magistrate and not the commissioner who revoked that license. All the Commissioner did was to take effective measures that no new license would be issued to appellant.
The term forfeit is used in the statute in its proper sense  to incur the loss of something as a penalty for doing or omitting to do some certain act. In re N.J. Court of Pardons, 97 N.J. Eq. 555, 568 (Ch. 1925). A typical forfeiture at common law was that which took place upon conviction for treason or a felony. The forfeiture did not occur upon mere commission of the offense but only upon the conviction. The Palmyra, 12 Wheaton 1; 6 L.Ed. 531 (1827). From the precedents collected in 4 Chitty Cr. L. 365, et seq., it appears that the forfeiture was not mentioned in or adjudged as part of the sentence in such cases. Attainder and forfeiture followed by operation of law. We note, however, in the case of less serious crimes, that where a forfeiture took place it was expressed in the sentence. The most common forfeiture at the present time is not the confiscation of lands or goods, but the loss of some right, such as the right to vote. Undoubtedly the Legislature can so phrase the statute that the disqualification does not come to pass unless it is expressly included as part of the sentence, but statutes are seldom so worded. Typical are R.S. 19:4-1, as amended by L. 1948, c. 438, § 3, and R.S. 33:1-25. Disqualification follows conviction, though not mentioned in the sentence, unless the plain meaning of the statute requires the contrary. Kravis v. Hock, 136 N.J.L. 161 (E. & A. 1947); In re Smith, 8 N.J. Super. 573 (Cty. Ct. 1950); Borino v. General Registrars, 86 A. 597 (Conn. 1913); Reg. v. Vine, L.R. (1875) 10 Q.B. 195. But see In re Moskowitz, 196 A. 498 (Pa. 1938).
*395 The act of operating an automobile while intoxicated does not of itself work a forfeiture, but a conviction effects a forfeiture by force of R.S. 39:4-50, whether or not the judgment expresses the forfeiture. And if the conviction is, in fact, a second one, the forfeiture is permanent, for such is the force of the word "thereafter" in the context in which we find it. At least the forfeiture is permanent unless the Commissioner possesses and uses the power to issue a new license to the person convicted.
Has the Commissioner authority to issue a license to appellant if he determines that appellant may now be trusted to operate a motor vehicle in the manner prescribed by law and with due regard for the rights of others? The Commissioner concedes that if he has such authority, then he should make suitable inquiry and should allow appellant to be heard. Appellant relies on R.S. 39:5-32 as the source of the Commissioner's power: "The commissioner shall, at all times, have the power to validate a driver's license that has been revoked, or to grant a new license to any person whose license to drive motor vehicles shall have been revoked." This sentence is taken from section 35 of the Motor Vehicle Act of 1921, L. 1921, c. 208, and section 1 of L. 1929, c. 319, which supplemented the Traffic Act of 1928, L. 1928, c. 281. A study of those sections confirms the opinion that the grant of power contained in R.S. 39:5-32 is confined to cases where the Commissioner or a magistrate, in the exercise of the discretionary authority given by R.S. 39:5-30 or 31, has revoked the license. It does not extend to the case before us.
We are informed that the appellant was only 24 years old at the date of his first offense; he swears that since his second offense he has not used intoxicating liquors at all; he is much handicapped in his trade by his disability to drive an automobile. The case appears to be one of real hardship. If sound public policy would be served by giving a discretionary power to the Commissioner to grant a new license in such a case, the remedy must be sought from the Legislature.
The appeal is dismissed.