DELWIN C. POTTER, APPELLANT, v. BOARD OF COUNTY COMMISSIONERS, CLARK COUNTY, NEVADA, RESPONDENT.

No. 8211

March 25, 1976                              547 P.2d 681

---

[Rehearing denied April 21, 1976]

*Peter L. Flangas,* of Las Vegas, for Appellant.

*George E. Holt,* District Attorney, and *Thomas R. Severns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Upon a plea of nolo contendere, the Nevada Federal Court convicted Delwin C. Potter of the felony of willfully making and subscribing a false income tax return in violation of 26 U.S.C. § 7206(1). Potter then held the office of Justice of the Peace, Henderson Township. By reason of that conviction, the County Clerk of Clark County certified to the Board of County Commissioners that the office of Justice of the Peace was vacant, and the Board thereupon declared the office vacant. It was the Clerk's duty to so certify, and the duty of the Board to so declare.[1] By certiorari Potter unsuccessfully sought review of

---

[1]Nev. Const. art. 2, § 1:
"All citizens of the United States . . . shall be entitled to vote . . .; provided, that no person who has been . . . convicted of treason or felony in any state or territory of the United States . . . shall be entitled to the privilege of an elector."
Nev. Const. art. 15, § 3:
"No person shall be eligible to any office who is not a qualified elector under this Constitution. . . ."
NRS 197.230:
"The conviction of a public officer of any felony . . . shall entail . . . the forfeiture of his office. . . ."
NRS 245.140:
"Whenever a vacancy occurs in any county office . . . the clerk of the board of county commissioners . . . shall certify to the board of county

the Board's action by the district court, and now has appealed to us. We affirm.

It is his contention that his plea of nolo contendere to the felony charge somehow alters the consequences attending his conviction upon that plea.

For the purposes of our law concerning vacancy in a public office, no distinction is drawn between a conviction under a plea of nolo contendere on the one hand, and a conviction under a plea of guilty, or an adjudication of guilt after a plea of not guilty, on the other. It is the conviction of guilt rather than any admission or absence thereof to be implied from the plea that is the disqualifying factor. Sokoloff v. Saxbe, 501 F.2d 571 (2 Cir., 1974); In re Eaton, 152 N.E.2d 850 (Ill. 1958); Kravis v. Hock, 54 A.2d 778 (N.J. 1947); State v. Fousek, 8 P.2d 795 (Mont. 1932).

· Other claimed errors possess no merit.

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

---

commissioners the cause of such vacancy. If such vacancy occurs . . . from his conviction of a felony . . . the clerk of the board of county commissioners shall also accompany his certificate with . . . a certified copy of the record of conviction for such felony. . . ."

NRS 283.040:

"1. Every office becomes vacant upon the occurring of any of the following events before the expiration of the term:

. . . .

(d) A conviction of the incumbent of any felony. . . ."