DAVID EDWARD JONES, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 19042

March 30, 1989                    771 P.2d 154

*Terri Steik Roeser,* State Public Defender, and *John Lambrose,* Deputy State Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Brent T. Kolvet,* District Attorney, and *Daniel J. Greco,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count of driving under the influence, third offense, a felony.

On January 14, 1988, Trooper Folke Lilyquist of the Nevada Highway Patrol arrested appellant on a charge of driving under the influence. At the preliminary hearing, the state produced evidence of the instant offense through the testimony of two eyewitnesses and Trooper Lilyquist, and the state also produced evidence of appellant's two prior convictions for DUI in California. The justice of the peace bound appellant over for trial in the district court on the charge of third offense DUI, a felony. Prior to trial, however, appellant entered into plea negotiations with the state. In exchange for appellant's promise to enter a plea of guilty to third offense DUI, the state agreed to drop any remaining criminal charges and to recommend that appellant receive the minimum sentence and fine. Appellant reserved his right to contest the validity of his prior convictions at the sentencing hearing. The district court found that the prior convictions were valid and sentenced appellant to a one-year term in the Nevada State Prison. The district court also imposed a fine of $2,000.00. This appeal followed.

Appellant first contends that the district court improperly sentenced him to an enhanced term because the evidence presented below of his prior California DUI convictions was legally insufficient to establish ''convictions'' as defined by NRS 176.105 and

NRS 484.3792(2).[1] We disagree. Contrary to appellant's assertion, our review of the documents in question reveals that the various California court records of each prior conviction are legally sufficient to establish that California judgments of conviction were entered against appellant. Moreover, we have previously held that, in evaluating the court records made in municipal court misdemeanor prosecutions, the realities of the typical environment of such prosecutions cannot be ignored, and where the court records reflect that respect was accorded to "the spirit of constitutional principles," those records "should be deemed constitutionally adequate." *See* Koenig v. State, 99 Nev. 780, 789, 672 P.2d 37, 43 (1983). The California municipal court records at issue here clearly reflect that appellant's constitutional rights were respected in the California proceedings, and that judgments of conviction were entered against appellant. Consequently, we conclude that the district court properly rejected appellant's contention in this regard.

Appellant next contends that the district court erred in enhancing his sentence based on the two prior California convictions because those convictions do not constitute prior offenses under Nevada law. Specifically, appellant contends that because the California DUI statutes, Vehicle Code §§ 23152 and 23153, do not limit a DUI offense to one that occurs "on a highway or on premises to which the public has access" as does NRS 484.379, the California convictions do not constitute prior offenses as defined by NRS 484.3792(7) (a prior offense includes a violation of a law of any other jurisdiction prohibiting the same conduct).[2] We disagree. In the instant case, the documents respecting appellant's prior California DUI convictions clearly reveal that the offenses occurred on public highways. Further, "same" need not

[1] Pursuant to NRS 176.105(1)(b), a valid judgment of conviction *in this state* must set forth the defendant's plea, the verdict or finding and the adjudication and sentence. Further, NRS 176.105(3) provides that the judgment must be signed by the judge and entered by the clerk. Pursuant to NRS 484.3792(2), a prior DUI offense committed within seven years of the principal DUI offense constitutes grounds for enhancement of the sentence "when evidenced by a conviction."

[2] Appellant also argues that the California DUI statutes prohibit "driving with more than .1 grams of alcohol per one hundred mililiters [sic] of blood, without reference to the weight of the blood. Nevada's law, on the other hand, refers to percent by weight, not by volume, of blood." Appellant misreads NRS 484.379. NRS 484.379 specifically refers to weight of alcohol, not weight of blood. Further, California Vehicle Code §§ 23152 and 23153 and NRS 484.379 specifically prohibit driving with "0.10 percent or more by weight of alcohol in his blood." Thus, the statutes are identical in this respect, and this argument is without merit.

mean "identical"; it can refer to conduct of the kind or species. Blacks Law Dictionary 1203 (5th ed. 1979). Thus, the phrase "same conduct" as used in NRS 484.3792(7) refers to the conduct of driving under the influence whether or not the particulars are identical. *See, e.g.,* Koenig v. State, 99 Nev. 780, 783, 672 P.2d 37, 39 (1983) (priors include violations of the same or similar offense). Therefore, this issue is without merit.

Appellant next contends that the district court erred in enhancing his sentence because convictions from states other than Nevada cannot qualify as prior offenses. Specifically, appellant notes that the legislature, in enacting NRS 207.010, the habitual criminal statute, specifically authorized the use of convictions "in this state or elsewhere." Appellant further notes that the legislature, in enacting NRS 484.3792(7), defined a prior DUI offense as a violation of "a law of any other jurisdiction which prohibits the same conduct." Appellant then argues that because the legislature did not specifically provide that the phrase "violation of a law of any other jurisdiction" could refer to DUI convictions in other states, the legislature did not intend for DUI convictions from other states to constitute prior offenses. We disagree. The phrase "any other jurisdiction" clearly includes states other than Nevada. Appellant's proposed interpretation of the statute would produce an unreasonable result, and we therefore reject it. *See* Alper v. State ex rel. Dep't Hwys., 96 Nev. 925, 621 P.2d 492 (1980).

Appellant next contends that the district court erred in enhancing his sentence based on the prior California convictions because the state failed to introduce evidence tending to show that the convictions were entered by courts with jurisdiction to do so and that the convictions were valid. We disagree. In the absence of proof to the contrary, we will assume that the California municipal courts have the same jurisdiction as do Nevada municipal courts, which includes the ability to hear misdemeanor traffic offenses. *See* Texas Department of Public Safety v. Hamilton, 304 S.W.2d 719 (Tex.Civ.App. 1957). Thus, the district court properly rejected this contention.

Appellant next contends that, under Nevada statutory provisions respecting the admissibility of evidence, the district court improperly admitted and considered the court records of his prior California convictions because those convictions were entered upon pleas of nolo contendere. *See* NRS 48.125(2) (evidence of a plea of nolo contendere is not admissible in a civil or criminal

proceeding involving the person who made the plea); NRS 51.295(1) (evidence of a final judgment entered upon a plea of nolo contendere adjudging a person guilty of a felony is inadmissible under the hearsay rule to prove any fact essential to sustain the judgment). We disagree. It is the conviction itself that is the relevant factor, and no distinction is drawn between a conviction entered upon a plea of guilty, a plea of nolo contendere, or a plea of not guilty. *See* Potter v. Board of Co. Comm'rs, 92 Nev. 153, 547 P.2d 681 (1976); *see also* State v. Marquez, 731 P.2d 965 (N.M.Ct.App. 1986) (a clear majority of jurisdictions hold that, for enhancement purposes, a valid conviction of a previous offense is equally conclusive whether the underlying plea was guilty, not guilty or nolo contendere). Thus, this argument is without merit.

Appellant finally contends that the justice's court erred in admitting into evidence the printout prepared by the California Department of Motor Vehicles in order to establish the existence of the two prior offenses. We disagree. As noted by the state, appellant, in the memorandum of plea agreement, failed to preserve this issue for appellate review. Therefore, we decline to reach the merits of the contention.

Based on the foregoing, we affirm the judgment of the district court.