An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAY H. COLE A/K/A HERMAN COLE
A/K/A JAY COLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62653

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE AND REMAND FOR CORRECTION OF CLERICAL ERROR IN THE JUDGMENT OF CONVICTION*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition filed on October 30, 2012, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-30990

must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant claimed that his counsel failed to investigate and adequately prepare for trial in regard to the testimony of Officer Pollock. In particular, appellant claimed his counsel should have challenged the officer's testimony about: (1) the beer cans observed in the bed of the truck because the cans were not collected as evidence or included in the report; (2) the soiled clothing because the detention center indicated that their records do not indicate appellant's clothing was soiled; (3) the mention of a partner because the officer does not have a partner; (4) observing the truck running because appellant was allegedly out of gas; and (5) the smell of alcohol because appellant's BAC test came back negative for alcohol. Appellant also claimed that Officer Pollock lied about his observations of appellant's person and behavior. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel questioned Officer Pollock about his observations of appellant's appearance and behavior. Appellant provided no proof supporting his assertions that the officer testified falsely. Appellant failed to demonstrate that further investigation and presentation of evidence in any of the areas described above would have had a reasonable probability of altering the outcome at trial. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his counsel failed to hire an expert to re-test the blood to assess the accuracy of the hydrocodone levels and an expert to testify about whether his levels would have made him impaired given the fact that he had taken hydrocodone for five years and

had built up a tolerance to its effects. Appellant further claimed that counsel should have presented testimony from his treating physician about his drug usage and appellant's medical records. Appellant failed to demonstrate that he was prejudiced given the officer's observations about appellant's behavior and his failure and/or inability to complete the field sobriety tests. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that his counsel failed to cross-examine the State's forensic scientist about whether the hydrocodone levels would have resulted in appellant's impairment. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The forensic scientist testified that appellant's levels were within the high therapeutic range and described the concept of drug tolerance in general terms. Given the officer's testimony about his observations about appellant's appearance and behavior, appellant failed to demonstrate that further testimony regarding these points would have had a reasonable probability of altering the outcome at trial. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, appellant claimed that trial counsel was unprepared for trial and originally erroneously advised him the charges could be dismissed because the blood draw was not timely performed. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that his counsel was unprepared for trial due to the alleged mistake about the timing of the blood draw. Appellant failed to demonstrate that further investigation and preparation would have had a reasonable probability of altering the

 

outcome at trial. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant claimed that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant claimed that appellate counsel failed to argue that the police officer gave improper expert testimony regarding the effects of hydrocodone. Appellant failed to demonstrate that his counsel's performance was deficient or that this issue had a reasonable probability of success on appeal because the testimony was rationally based on the perception of the witness and helpful to a clear understanding of the testimony of the witness or the determination of a fact in issue. *See* NRS 50.265; *Collins v. State*, 113 Nev. 1177, 1184, 946 P.2d 1055, 1060 (1997).

Second, appellant claimed that appellate counsel failed to argue that there was insufficient evidence. Appellant failed to demonstrate that his counsel's performance was deficient or that this issue had a reasonable probability of success on appeal. The record indicates there was sufficient evidence to establish guilt beyond a

reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury could reasonably infer from the evidence presented that appellant was under the influence of a controlled substance to a degree which rendered him incapable of safely operating or being in actual physical control of a vehicle and that he was driving or in actual physical control of a vehicle on premises open to the public. *See* 2003 Nev. Stat., ch. 421, § 6, at 2559-60) (former NRS 484.379) (re-codified in NRS 484C.110(2)). Officer Pollock, responding to a call regarding an accident in a store parking lot, observed appellant behind the wheel of a car, with the engine running and the key in the ignition. The officer described appellant as being unable to comprehend the officer's requests for his paperwork and unable to stand on his own. Appellant's speech was slurred and his gait was unsteady. Appellant was observed with bloodshot, watery and droopy eyes, and appellant failed the horizontal nystagmus test. Additionally, the officer observed that appellant's clothes were soiled. The forensic scientist testing the blood drawn indicated that appellant had 140 nanograms per milliliter of hydrocodone. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that his appellate counsel failed to properly challenge the statute for vagueness because the officer testified falsely and the statute does not proscribe the levels prohibited. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate the officer testified falsely or that further vagueness arguments would have had a reasonable

probability of altering the outcome on appeal. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, appellant claimed that his appellate counsel failed to challenge the enhancement of his sentence. Appellant claimed that the Utah conviction would not have been a felony in Nevada because under the Utah law the third drunk-driving offense in ten years is a felony whereas the period of time is seven years in Nevada. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Former NRS 484.3792(2) provided that a person with a felony driving-under-the-influence conviction who violated former NRS 484.379 was guilty of a Category B felony and was to be punished by a minimum term of not less than 2 years and not more than 15 years. 2007 Nev. Stat., ch. 486, § 25, at 2796 (re-codified in NRS 484C.410(1)). A person previously convicted of a violation of a law of any other jurisdiction that prohibits the same or similar conduct as set out in former NRS 484.3792(2)(a) may also receive the enhanced sentence. 2007 Nev. Stat., ch. 486, § 25, at 2796 (re-codified in NRS 484C.410(1)(d)). This court has held that "same conduct" need not be identical and "refers to the conduct of driving under the influence whether or not the particulars are identical." *Jones v. State*, 105 Nev. 124, 126-27, 771 P.2d 154, 155 (1989). The 2007 Utah conviction involved a felony conviction for driving under the influence—the "same" proscribed conduct. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant claimed that cumulative error by counsel warranted relief. Appellant failed to demonstrate that any errors, singly or combined, would have had a reasonable probability of altering the outcome at trial.

Finally, we note that the judgment of conviction contains a clerical error. Specifically, the judgment of conviction provides a sentence of 30 to 84 months for count 1 and dismisses count 2, when the record reveals that appellant was convicted and sentenced for violating count 2 of the information. As charged in the information, count 1 referred to a felony driving-under-the-influence offense based upon appellant having committed his third driving-under-the-influence offense within 7 years of the principal offense, which was punishable under former NRS 484.3792(1)(c) with a sentence of not less than 1 year nor more than 6 years. 2007 Nev. Stat., ch. 486, § 25, at 2796. The alternative count, count 2, referred to a felony offense based upon appellant having a prior felony driving-under-the-influence conviction, which was punishable under former NRS 484.3792(2) with a minimum term of not less than 2 years and a maximum term not more than 15 years. *Id.* Although the jury was instructed about only one count, a generic felony driving under the influence count (labeled as count 1), the district court at sentencing indicated that it was sentencing appellant as having a prior felony conviction—count 2 of the information. The judgment of conviction, however, mistakenly dismissed count 2 and imposed a sentence for count 1. Because it is clear from the record on appeal that the district court intended appellant be punished under count 2 and because the sentence imposed exceeded that authorized by former NRS 484.3792(1)(c) for count 1,[2] we remand this matter to the district court to correct the clerical error

---

[2]A sentence of 30 to 84 months was authorized by former NRS 484.3792(2) for count 2. There is no indication in the record on appeal that the district court had changed its mind from its comments at sentencing that appellant was being punished as having a prior felony

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

in the judgment of conviction to reflect that appellant was convicted of count 2 and that count 1 was dismissed. Accordingly, we

ORDER the judgment of the district court AFFIRMED and REMAND for correction of the judgment of conviction as directed above.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
       Jay H. Cole
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

*...continued*
conviction. It appears that the clerical mistake arose from the fact that the jury was presented with only one count to consider, the choice between counts being a sentencing issue in this case.

[3]We have considered all proper person documents filed or received in this matter. New facts and arguments presented to this court in the first instance were not considered. We conclude that appellant is only entitled to the relief described herein.