132 Nev., Advance Opinion 68

IN THE SUPREME COURT OF THE STATE OF NEVADA

STELLA LOUISE SINDELAR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68789

**FILED**

SEP 29 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of driving while under the influence, a felony. Seventh Judicial District Court, White Pine County; Steven Dobrescu, Judge.

*Affirmed.*

Sears Law Firm, Ltd., and Richard W. Sears, Ely,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Michael A. Wheable, District Attorney, White Pine County,
for Respondent.

BEFORE CHERRY, DOUGLAS and GIBBONS, JJ.

*OPINION*

By the Court, CHERRY, J.:

Under Nevada law, a person's third conviction within seven years for driving under the influence (DUI) is a category B felony. NRS 484C.400(1)(c). Once a person has been convicted of felony DUI under the laws of this state or any other jurisdiction that prohibits the same or

2/9/17: Corrected per letter to publishers. CT

16-30272

similar conduct, any subsequent DUI committed in Nevada is a category B felony, regardless of how much time has passed since the prior felony conviction. NRS 484C.410(1)(a), (d). The issue presented in this appeal is whether a felony DUI under Utah's statute that makes a third DUI conviction within ten years a felony can be used to make a subsequent DUI offense in Nevada a category B felony under NRS 484C.410. We hold that although the recidivism window is longer in Utah, the conduct required to violate the law is "the same or similar" as the conduct required in Nevada. Accordingly, a prior felony DUI in Utah satisfies NRS 484C.410(d) for the purposes of adjudicating any subsequent violation of NRS 484C.110 or 484C.120 as a felony. Because this and appellant Stella Sindelar's other claims lack merit, we affirm the judgment of conviction.

*FACTS AND PROCEDURAL HISTORY*

On December 28, 2002, Stella Sindelar was cited for driving under the influence of alcohol in Utah. Because she had at least two prior DUI convictions within the preceding ten years, the offense was a third-degree felony under Utah law.[1] *See* Utah Code Ann. § 41-6-44(6)(a)(i) (LexisNexis 1998).[2] On May 10, 2004, Sindelar pleaded guilty to the felony charge, spent 62 days in a Utah jail, and had her prison sentence suspended.

In March 2013, Sindelar was arrested for suspicion of driving under the influence of alcohol in Ely. While in custody, police drew

---

[1]The record is unclear as to the exact dates of the two prior DUI convictions; however, at least one such conviction occurred more than seven years before the 2002 arrest, but less than ten years.

[2]Under current Utah law, the DUI recidivism statute has been recodified as Utah Code § 41-6a-503(2)(b).

SUPREME COURT
OF
NEVADA

Sindelar's blood to test for alcohol; the test results were positive. The State subsequently charged Sindelar with felony DUI because of her 2004 felony conviction in Utah. She was convicted after a two-day jury trial. At sentencing, the district court determined that Sindelar's 2004 felony DUI conviction in Utah was a violation involving "the same or similar conduct" as Nevada's felony DUI statute and adjudicated the current offense as a category B felony. The district court sentenced Sindelar to a term of 30 to 75 months in prison.

## DISCUSSION

Sindelar makes only two arguments on appeal. First, she argues that the 2004 DUI conviction would have only been a misdemeanor had it occurred in Nevada, rather than Utah, and therefore the instant offense should not have been adjudicated as a felony under NRS 484C.410. Second, Sindelar argues that the State committed prosecutorial misconduct during her trial.

*Utah's DUI laws contain a longer recidivism window but punish the same or similar conduct as Nevada's DUI laws*

Sindelar argues that using her 2004 felony conviction to enhance the instant DUI to a felony is improper because, despite the fact that the 2004 conviction was a felony in Utah, it would have been a misdemeanor under Nevada law. The State argues that although Nevada has a shorter window to enhance a third DUI to a felony, the critical inquiry is whether both statutes punish the same conduct, i.e., repeat DUI offenses. We agree with the State.

To sustain a felony conviction for DUI in Nevada based on Sindelar's Utah DUI conviction, the Utah statute must punish the same or similar conduct as that proscribed by NRS 484C.110. That issue is a question of law; therefore, we review it de novo. *Nay v. State*, 123 Nev.

326, 330, 167 P.3d 430, 433 (2007). The criminalized conduct need not be identical in order to satisfy NRS 484C.410(1)(d). *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996). The conduct may merely be the same "kind or species." *Id.* In *Blume*, we considered whether California's DUI statute punishing driving with a blood-alcohol concentration of 0.08 or higher constitutes the same or similar conduct as Nevada's DUI laws, even though Nevada's DUI statutes then utilized a higher minimum blood-alcohol concentration of 0.10. *Id.* at 474, 915 P.2d at 283. We concluded that "driving under the influence of intoxicating liquor in California, even though the blood alcohol weight in California [was] 0.02 percent lower than in Nevada constitute[d] 'the same or similar conduct' as driving under the influence of intoxicating liquor in Nevada." *Id.* at 475, 915 P.2d at 284 (quoting *Jones v. State*, 105 Nev. 124, 126-27, 771 P.2d 154, 155 (1989)).

Here, the prohibited conduct is essentially the same in Nevada's law and Utah's law. Utah prohibits driving while incapable of safely operating a vehicle due to alcohol consumption. Utah Code Ann. § 41-6-44(2)(a) (LexisNexis 1998). Nevada prohibits driving under the influence of intoxicating liquor. NRS 484C.110(1). Both states prohibit driving with a blood-alcohol concentration at or above 0.08. *Id.*; Utah Code Ann. § 41-6-44(2)(a) (LexisNexis 1998). Additionally, both states classify a third offense within a statutorily prescribed recidivism window as a felony, the only difference being that Nevada's recidivism window is seven years, NRS 484C.400(1)(c), while Utah's recidivism window is ten years, Utah Code Ann. § 41-6-44(6)(a)(i) (LexisNexis 1998). The length of the recidivism window, however, does not change the offending conduct. Because Utah's DUI recidivism statute prohibits the same or similar

conduct as NRS 484C.110(1) and NRS 484C.400(1)(c), Sindelar's Utah felony conviction satisfies NRS 484C.410(1)'s mandate that the instant offense be deemed a category B felony. Accordingly, the district court correctly adjudicated Sindelar's instant offense as a felony.

*Sindelar's prosecutorial misconduct claims are without merit*

Sindelar argues that the prosecutor committed misconduct by objecting to the defense's cross-examination of a prosecution witness regarding Sindelar's liberty interests and by arguing that defense counsel "leashed in" witnesses during cross-examination and wanted the jury to focus on irrelevant facts, draw fancy inferences, and imagine doubt based on speculation. We disagree.

Sindelar did not object to any of the alleged instances of prosecutorial misconduct at trial. Accordingly, we review for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) ("When an error has not been preserved, this court employs plain-error review."). Under plain-error review, "an error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Id.* (internal quotations omitted). We begin by "determin[ing] whether the prosecutor's conduct was improper." *Id. at* 1188, 196 P.3d at 476 (footnotes omitted).

The first challenged conduct—the State's objection to defense counsel's line of questioning during cross-examination of the arresting officer—was not improper. At trial, defense counsel asked the arresting officer if he understood that the case was important because it affected Sindelar's "liberty interests." The State objected, arguing that considering the defendant's "liberty interests" was not within the jury's function. The

trial court sustained the objection. A jury is tasked with finding whether, as a matter of fact, the State has proven each element of the charged offense(s) beyond a reasonable doubt. *Rose v. State*, 123 Nev. 194, 202, 163 P.3d 408, 414 (2007). In doing so, a jury may "assess the weight of the evidence and determine the credibility of witnesses." *Id.* at 202-03, 163 P.3d at 414 (internal quotation marks omitted). Discussion of Sindelar's "liberty interests" is irrelevant to whether she committed the offense and would only serve to confuse or inflame the jury. NRS 48.035. Therefore, questions regarding Sindelar's "liberty interest" should not have been asked in front of the jury. As such, the State was well within its right to object to defense counsel's line of questioning regarding "liberty interests." Moreover, Sindelar fails to demonstrate that her inability to question witnesses regarding her "liberty interests" prejudiced her substantial rights.

The challenged comments during closing argument also were not improper. The State argued that certain witnesses were prevented from giving full answers on cross-examination because defense counsel prevented them from answering beyond the scope of his questions. Although the State used the phrase "leashed in" when describing how defense counsel handled the two witnesses, the State did not compare defense counsel to a dog handler, as Sindelar alleges. Although the State could have as easily said something like "prevented" or "reigned in," its choice of words is not plainly prejudicial, nor does Sindelar indicate how those words prejudiced her substantial rights.

Finally, Sindelar's allegation that the State committed misconduct when it argued that the defense wanted the jury to focus on the arresting officer's conduct, rather than the elements of the charged

offense, is unpersuasive. Defense counsel sought to discredit the arresting officer by arguing that he never had the requisite reasonable suspicion to stop Sindelar, let alone probable cause to arrest her. Those issues of law were decided before trial and were not for the jury to consider. *See Rose*, 123 Nev. at 202, 163 P.3d at 414. Because the issue of reasonable suspicion to stop Sindelar was outside the jury's scope, the State was well within its right to try to refocus the jury on the elements of the offense and whether the State proved those elements beyond a reasonable doubt. Therefore, Sindelar has not demonstrated plain error affecting her substantial rights. Accordingly, we order the judgment of conviction affirmed.

_____, J.
Cherry

We concur:

_____, J.
Douglas

_____, J.
Gibbons