DAVID MICHAEL BLUME, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 24671

April 30, 1996                                                915 P.2d 282

---

*Law Offices of Kenneth V. Ward* and *Leah Harper,* Yerington, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Kevin L. Pasquale,* District Attorney and *Robert V. Bogan,* Deputy District Attorney, Churchill County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction pursuant to a guilty plea of one count of felony driving under the influence of alcohol with four prior convictions. The memorandum of plea

bargain indicates that in exchange for entering a guilty plea to the charge of driving under the influence, appellant reserved the right to argue the validity of his prior convictions.

In April, 1993, appellant David Michael Blume was arrested for and subsequently charged with driving under the influence of alcohol, third offense, in violation of NRS 484.379 and 484.3792. At the sentencing hearing, the state introduced and the district court admitted into evidence four prior convictions for driving under the influence, all of which took place in California.

On appeal, appellant contends that the district court erred in admitting state's exhibits 3 and 4 (violations which occurred on August 5, 1990 and April 11, 1992, respectively) on the ground that the blood alcohol percentage for the California offenses is 0.08 percent, while the level in Nevada is 0.10 percent. Appellant contends that because the elements of the crimes are different, the California offenses may not be considered for sentence enhancement purposes in Nevada. *See* Burnette v. Municipality of Anchorage, 823 P.2d 10 (Alaska Ct. App. 1991).

We disagree, and conclude that all four convictions were properly admitted. NRS 484.3792(8) provides:

> As used in this section, unless the context otherwise requires, *"offense" means a violation of NRS 484.379*[¹] or 494.3795 or homicide resulting from the driving of a vehicle while under the influence of intoxicating liquor or a controlled substance, *or the violation of a law of any other jurisdiction which prohibits the same or similar conduct.*

(Emphasis added.) The definition of "offense" includes a violation of NRS 484.379, and a violation of a law of another jurisdiction which prohibits the same or similar conduct. "Under the plain language of NRS 484.379, a person driving a vehicle may violate NRS 484.379 in either of two ways: by driving while under the influence of intoxicating liquor or by driving while having 0.10 percent or more by weight of alcohol in the blood." Long v. State, 109 Nev. 523, 528, 853 P.2d 112, 115 (1993).

---

¹NRS 484.379, "Driving under the influence of intoxicating liquor or controlled substance: Unlawful acts; affirmative defense," provides in part:

    1. It is unlawful for any person who:

    (a) Is under the influence of intoxicating liquor;

    (b) Has 0.10 percent or more by weight of alcohol in his blood; or

    (c) Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have 0.10 percent or more by weight of alcohol in his blood,

to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.

Appellant was convicted in California of driving under the influence of intoxicating liquor.

This court recently concluded that driving while visibly impaired due to the consumption of intoxicating liquor, a lesser-included offense of driving under the influence of alcohol in Michigan, constituted "the same or similar conduct" under NRS 484.3792(8) for purposes of sentence enhancement. Marciniak v. State, 112 Nev. 242, 911 P.2d 1197 (1996). Likewise, driving under the influence of intoxicating liquor in California, even though the blood alcohol weight in California is 0.02 percent lower than in Nevada constitutes "the same or similar conduct" as driving under the influence of intoxicating liquor in Nevada. *See* Jones v. State, 105 Nev. 124, 126-27, 771 P.2d 154, 155 (1989) ("same" need not mean "identical," but can refer to conduct of the kind or species). Thus, we conclude that the California offenses were properly considered for sentence enhancement purposes.

Appellant also contends that the punishment imposed constituted cruel and unusual punishment. The district court sentenced appellant to six years in prison and ordered him to pay a $2,000 fine. NRS 484.3792(1)(c) provides that imprisonment must be for not less than one year and not more than six years, and that a fine must not be less than $2,000 and not more than $5,000. A sentence within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979). Appellant has not challenged the constitutionality of the statute and both the prison term and the fine are within the statutory limits. Therefore, we conclude that the sentence imposed does not constitute cruel and unusual punishment.

Accordingly, we affirm the judgment of conviction.