An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRIL JACOB BOSS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61205

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of burglary, felon in possession of a firearm, and eluding a police officer. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

First, appellant Terril Boss argues that the district court abused its discretion at sentencing by considering impalpable evidence. Specifically, Boss argues that the district court erroneously considered the prosecutor's statement that Boss avoided a habitual offender charge by pleading guilty and the victim's son's statement that the district court should consider future victims. Boss did not object to these statements, therefore we review for plain or patently prejudicial error. See Leonard v. State, 114 Nev. 1196, 1214-15, 969 P.2d 288, 300 (1998). Because Boss fails to demonstrate that these are inappropriate considerations, see Denson v. State, 112 Nev. 489, 494, 915 P.2d 284, 287 (1996) (district court may consider uncharged crimes at sentencing); Randell v. State, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993) ("The district court is capable of listening to the victim's feelings without being subjected to an overwhelming influence by the victim in making its sentencing decision."), we conclude that he fails to demonstrate plain error.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07693

Second, Boss argues that the district court abused its discretion and usurped the authority of the parole board by imposing the maximum sentence provided by the relevant statutes. Boss does not allege that the statues fixing punishment are unconstitutional, see Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996), and his consecutive terms of 24-60 months for being a felon in possession of a firearm, 48-120 months for burglary, and 24-60 months for eluding a police officer, fall within the parameters authorized by the relevant statutes, see NRS 202.360(1), NRS 205.060(2), NRS 484.348(3)(b). We conclude that the district court did not abuse its discretion at sentencing. Houk v. State, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987).

Having considered Boss' contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Janet J. Berry, District Judge
Washoe County Alternate Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

