An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTWANETTE DENISE DENNIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61800

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery with a deadly weapon causing substantial bodily harm (Count 1) and possession of a credit card without cardholder's consent (Count 2). Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant argues that the district court abused its discretion at sentencing by ignoring her mental health issues, employment opportunity, and stable housing availability. She also contends that her sentence of 48 to 180 months for Count 1 and 12 to 34 months for Count 2 violates the constitutional proscription against cruel and unusual punishment because it is grossly disproportionate to the crimes committed and warranted probation.

The district court is vested with considerable discretion regarding sentencing and probation, and its sentencing determination will not be disturbed absent an abuse of discretion. NRS 176A.100(1)(c); Randell v. State, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993); Renard v. State, 94 Nev. 368, 369, 580 P.2d 470, 471 (1978). This court has consistently declined to interfere with the imposed sentence "[s]o long as the record does not demonstrate prejudice resulting from consideration of

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10424

information or accusations founded on facts supported only by impalpable or highly suspect evidence." Silks v. State, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). A sentence that falls within the statutory limits is not considered cruel and unusual punishment "unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted); see also Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion).

Appellant does not argue that the district court relied on impalpable or highly suspect evidence or that the relevant statutes are unconstitutional. The sentence imposed was within the parameters provided by the relevant statutes. See NRS 193.130(2)(d); NRS 200.481(2)(e)(2); NRS 205.690(2). At sentencing, the district court was made aware of the opportunity for appellant to be gainfully employed as well as the availability of a safe and sober living situation. Appellant proposed services through Northern Nevada Adult Mental Health Services as a condition of probation, which respondent argued against given the gravity of appellant's crimes. We conclude that the sentence imposed is not unreasonably disproportionate to the offense and therefore does not constitute cruel and unusual punishment and that the district court did not abuse its discretion. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.     _____, J.
Parraguirre                      Cherry

cc: Hon. David A. Hardy, District Judge
Washoe County Alternate Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk