An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH BRANDON TARRAGANO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61234

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of felon in possession of a firearm. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

First, appellant Joseph Tarragano argues that NRS 202.360, which prohibits felons from possessing firearms, violates his right to equal protection under the law. Under an equal protection analysis, a statute that does not interfere with a fundamental right or discriminate against a suspect class will withstand constitutional scrutiny if it "is rationally related to a legitimate governmental purpose." Sereika v. State, 114 Nev. 142, 148-49, 955 P.2d 175, 179 (1998) (internal quotation marks omitted). Tarragano contends that there is not a rational basis to deprive him of his right to bear arms because his prior felonies were nonviolent. We disagree. Regardless of whether his crimes were violent, "[t]he legislative judgment 'that a convicted felon . . . is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational.'" Pohlabel v. State, 128 Nev. ___, ___, 268 P.3d 1264, 1268 (2012) (quoting Lewis v. United States, 445 U.S. 55, 67 (1980)). We conclude that Tarragano's claim lacks merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10500

Second, Tarragano argues that his sentence of 28-72 months' imprisonment constitutes cruel and unusual punishment. We disagree. The statute fixing Tarragano's punishment is not unconstitutional, his sentence is within statutory limits, see NRS 202.360(1)(a), and his term of incarceration is not "'so unreasonably disproportionate to the offense as to shock the conscience'" when considering the nature and circumstances of his crime and his criminal history. See Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); see also Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion).

Having considered Tarragano's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Kimberly A. Wanker, District Judge
Harry R. Gensler
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk