An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL MARTINEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62183

**FILED**

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of voluntary manslaughter with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

During an altercation with the victim, appellant stabbed him several times with a pocketknife, killing him. Appellant was charged with murder with the use of a deadly weapon but ultimately pleaded guilty to voluntary manslaughter with the use of a deadly weapon and was sentenced to 48 to 120 months in prison with an equal and consecutive prison term for the deadly weapon enhancement. Appellant challenges his sentence on appeal.

First, appellant argues that his sentence constitutes cruel and unusual punishment because, coupled with his lack of a significant criminal record, the circumstances of the offense are not so egregious as to justify imposition of the maximum sentence. Regardless of its severity, "[a] sentence within the statutory limits is not 'cruel and unusual punishment unless the statute fixing [the] punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to

13-14369

shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)). Here, the sentence is within statutory limits, *see* NRS 193.165; NRS 200.050; NRS 200.080, and appellant does not challenge the relevant statutes as unconstitutional. And we are not convinced that the sentence is unreasonably disproportionate to the gravity of the offense so as to violate the proscription against cruel and unusual punishment. *Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion); *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). To the extent appellant argues that the district court abused its discretion in sentencing him, we conclude that appellant failed to show that the district court abused its broad sentencing discretion. *Houk v. State*, 103 Nev. 659, 664, 747 P.3d 1376, 1379 (1987).

Second, appellant argues that the district court failed to make the findings required under NRS 193.165(1) in imposing a deadly weapon enhancement. Because he failed to object, we review appellant's claim for plain error affecting his substantial rights. *See* NRS 178.602; *Cordova v. State*, 116 Nev. 664, 666, 6 P.3d 481, 482-83 (2000). The district court must articulate findings regarding each of the enumerated factors for each deadly weapon enhancement. *See Mendoza-Lobos v. State*, 125 Nev. 634, 643-45, 218 P.3d 501, 507-08 (2009). Here, the district court heard evidence and argument concerning the facts and circumstances of the offense, appellant's lack of a significant criminal record, the impact of the victim's death on his parents, and mitigation, including statements of support from appellant's family and friends and appellant's oral and written statements of remorse. *See* NRS 193.165(1). Although the better practice would have been for the district court to make specific findings as

mandated by *Mendoza-Lobos*, the record provides sufficient justification for the sentence and the failure to explain that ruling more completely does not render it constitutionally defective. *See, e.g., Arizona v. Washington*, 434 U.S. 497, 516-17 (1978). Accordingly, appellant has failed to demonstrate that the district court's omission affected his substantial rights.

Having considered appellant's claim and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                               Saitta

cc:     Hon. Jessie Elizabeth Walsh, District Judge
        Special Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk