An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MEREDITH O'NEILL O'FLAHERTY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62303

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of principal to burglary. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Meredith O'Flaherty claims that the district court abused its discretion at sentencing by relying on suspect information and her sentence constitutes cruel and unusual punishment because it is disproportionate to her crime.

We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). And, regardless of its severity, a sentence that is within the

13-17366

statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

The district court sentenced appellant to a prison term of 60-240 months, explaining that sentencing under the small habitual criminal statute was "fit and proper" based on O'Flaherty's prior criminal record, the timing of the instant offense in relation to her release from prison on a prior conviction, and the fact that this was a theft-related offense where she victimized society. Contrary to O'Flaherty's assertion, the record demonstrates that the district court did not rely on suspect information regarding her prior criminal history when imposing sentence. The sentence imposed is within the parameters provided by the relevant statute, *see* NRS 207.010(1)(a), and O'Flaherty does not allege that the statute is unconstitutional. We are not convinced that the sentence imposed is so grossly disproportionate to the crime and O'Flaherty's history of recidivism as to constitute cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion). And we

conclude that the district court did not abuse its discretion at sentencing. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Scott N. Freeman, District Judge
       Washoe County Alternate Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk