An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY L. NEWTON A/K/A
ANTHONY LAMAR NEWTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62065

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit larceny, burglary, and grand larceny auto. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellant contends that the evidence presented at trial was insufficient to support his convictions for burglary and grand larceny auto because the State failed to prove the required intent for those offenses and he was merely a passenger in the stolen vehicle. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The Las Vegas Metropolitan Police Department (LVMPD) staged an undercover operation designed to target automobile crimes. In the operation, two undercover officers simulated a domestic altercation, during the course of which the two officers left the scene, leaving behind a 2007 Chevy Tahoe with the keys in the ignition, the engine running, and

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17401

the doors closed. Appellant and Anthony Thorns, who witnessed the altercation, approached the vehicle after the undercover officers left the scene, entered the vehicle, and drove away. Thorns drove the vehicle, while appellant rode in the passenger seat. A recording device in the vehicle captured a conversation between appellant and Thorns in which Thorns told appellant that they needed to figure out what to do with the vehicle. Appellant responded that they would take it to a "chop shop." At a designated location, police officers remotely shut off the Chevy Tahoe's engine. Appellant and Thorns exited the vehicle through the driver's side window and fled but were captured a short time later.

Appellant claims that he cannot be convicted of grand larceny because the vehicle was owned by a corporation rather than a person. However, NRS 193.0205 defines "person" as including "this State or any other state, government or country which may lawfully own property within this State whenever it is used to designate a party whose property may be the subject of an offense." We conclude that this definition encompasses the circumstances here where the LVMPD owned the vehicle that was stolen. The jury could reasonably infer from the evidence presented that appellant was guilty of burglary and grand larceny auto. *See* NRS 205.060(1) (defining burglary in pertinent part as occurring when "[a] person who, by day or night, enters any . . . vehicle . . . with the intent to commit grand or petit larceny"); NRS 205.228.

Appellant next argues that his sentence of 12 to 36 months in prison for grand larceny constitutes cruel and unusual punishment because he was never in actual or physical control of the vehicle and because he was wrongfully convicted of the offense, as the vehicle was

taken from a corporation rather than a person. Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The sentence imposed is within the parameters provided by the relevant statute, *see* NRS 205.228, and appellant does not allege that the statute is unconstitutional. We are not convinced that the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment.

To the extent appellant argues that the district court abused its discretion in sentencing, we conclude that his claim lacks merit. We note that appellant neglected to include a transcript of the sentencing hearing and therefore the basis of the district court's sentencing decision is unknown. This court will refrain from interfering with the sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Appellant does not allege that the district court relied on impalpable or highly suspect evidence and as

observed above, the sentence falls within the parameters of the relevant statutes.

Having considered appellant's arguments and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Rob Bare, District Judge
      Law Office of Betsy Allen
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A