An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN A. SANGSTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60804



FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a guilty plea of attempted felon in possession of a tear gas device. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

First, appellant Brian Sangster contends that the district court erred by failing to conduct an evidentiary hearing on the issue of whether defense counsel was ineffective for allowing him to plead guilty while intoxicated. The record reveals that, during a bench warrant return, defense counsel orally requested the appointment of conflict-free counsel because Sangster wanted to withdraw his guilty plea. In the written motion that followed, defense counsel requested that conflict-free counsel be appointed to evaluate Sangster's ineffective-assistance claim as the basis for withdrawing the guilty plea. The district court granted the motion. Conflict-free counsel investigated the matter and informed the district court that (1) Sangster claimed he was out of custody and advised defense counsel that he was intoxicated at the time he entered his plea, (2) defense counsel asserted that he had no recollection of Sangster saying that he was intoxicated and would never have allowed a client to plead

guilty while under the influence or unable to think clearly, and (3) there were no other grounds for withdrawing the guilty plea. Conflict-free counsel suggested that an evidentiary hearing could be conducted to determine Sangster's and defense counsel's credibility. The district court did not conduct an evidentiary hearing or make a ruling on whether Sangster could withdraw his guilty plea. We note that throughout Sangster's criminal proceeding, the district court was in a position to evaluate both Sangster's and defense counsel's credibility; Sangster acknowledged in his written plea agreement that he was not intoxicated and defense counsel certified that Sangster was not intoxicated; the district court was in a position to observe whether Sangster was intoxicated during the plea canvass; and neither conflict-free counsel nor defense counsel requested an evidentiary hearing. Under these circumstances, we conclude that Sangster has not demonstrated that the district court abused its discretion. *See generally Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001) (reviewing a district court's decision to grant or deny a presentence motion to withdraw guilty plea for abuse of discretion).

Second, Sangster contends the district court erred by imposing a sentence under the habitual criminal statute that is cruel and unusual because it is grossly disproportionate to his crime. Sangster has not demonstrated that the habitual criminal punishment statute is unconstitutional, *see Nelson v. State*, 123 Nev. 534, 540, 170 P.3d 517, 522 (2007); *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996), his sentence falls within the parameters of that statute, *see* NRS 207.010(1)(a), and we are not convinced that the sentence is so grossly disproportionate to the gravity of the offense and Sangster's long history of

felony recidivism as to shock the conscience, *see Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion); *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion); *Blume*, 112 Nev. at 475, 915 P.2d at 284). Accordingly, we conclude that the sentence does not violate the constitutional proscriptions against cruel and unusual punishment.

Having concluded that Sangster is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       The Kice Law Group, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk