An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK SIOSON ENRIQUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63954

**FILED**

APR 1 0 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of establishing or possessing financial forgery laboratory. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant Mark Sioson Enriquez contends that the district court abused its discretion at sentencing by rejecting the jointly recommended sentence. He further asserts that the sentence imposed constitutes cruel and unusual punishment. We disagree.

We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g.,* *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). It is within the district court's discretion to impose consecutive sentences. *See* NRS 176.035(1); *Warden v. Peters*, 83 Nev. 298, 303, 429 P.2d 549, 552 (1967). Regardless of its severity, a sentence that is within the statutory limits is not "cruel and unusual punishment unless the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11415

statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

The parties recommended a sentence of 48 to 120 months to be served concurrently with the sentence to be imposed in district court case number CR12-1506. Enriquez also asked to have the sentence imposed concurrently with the sentence imposed against him in a federal case. The district court rejected the parties' sentencing recommendation and sentenced Enriquez to a term of 72 to 180 months, to be served consecutively to any other sentences he has to serve. The district court judge explained that he felt the plea recommendations were inappropriate given Enriquez's eight prior convictions, most of which were committed while he was on parole, and the fact that Enriquez repeatedly committed similar or identical crimes.

Although the sentence imposed significantly exceeded the sentence recommended by the parties, it is within the parameters provided by the relevant statute, *see* NRS 205.46513(2), Enriquez does not allege that the statute is unconstitutional, and he has not demonstrated that the district court relied on impalpable or highly suspect evidence. Having considered the sentence and the crime, we are not convinced that the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment. Further, we are not convinced

that the district court abused its discretion in imposing his sentence to be served consecutive to his sentences in other cases. Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____ Pickering _____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Elliott A. Sattler, District Judge
Cotter C. Conway
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk