An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON MICHAEL WASHINGTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64282

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted theft. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Brandon Michael Washington contends that the district court abused its discretion at sentencing and the sentence imposed constitutes cruel and unusual punishment because he took responsibility for his nonviolent, property offense when he pleaded guilty.

We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v.*

14-11439

*State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The district court reviewed Washington's extensive criminal history, the bench warrant issued for his failure to appear, and his prior failed attempt at drug rehabilitation. Having considered the sentence and the crime, we are not convinced that the district court's imposition of a 12 to 34 month prison sentence is so grossly disproportionate to the gravity of the offense and Washington's history of recidivism as to constitute cruel and unusual punishment. Further, Washington's sentence falls within the relevant sentencing parameters, *see* NRS 193.130(2)(d); NRS 193.330(4); NRS 205.0835(3), and Washington does not allege that those statutes are unconstitutional. We conclude that the district court did not abuse its discretion, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Carolyn Ellsworth, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk