An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CECIL COGMON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63725

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a guilty plea, of larceny from the person. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant argues that the district court abused its discretion by adjudicating him a habitual criminal because his prior convictions are nonviolent and stale. The district court has broad discretion to dismiss a count of habitual criminality. *See* NRS 207.010(2); *O'Neill v. State*, 123 Nev. 9, 12, 153 P.3d 38, 40 (2007). Initially, we note that appellant did not object at the sentencing hearing to the use of the prior convictions for habitual criminal adjudication purposes. Further, our review of the record reveals that the district court understood its sentencing authority and exercised a reasoned decision after considering appellant's criminal history and listening to his arguments during the sentencing hearing. *See Hughes v. State*, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000) ("Nevada law

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19080

requires a sentencing court to exercise its discretion and weigh the appropriate factors for and against the habitual criminal statute before adjudicating a person as a habitual criminal."); *see also Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) ("NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions."). We conclude that the district court did not abuse its discretion by adjudicating appellant as a habitual criminal.

Appellant next argues that his sentence to life with the possibility of parole after ten years in prison constitutes cruel and unusual punishment. Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The sentence imposed is within the parameters provided by the relevant statute, *see* NRS 207.010, and appellant does not allege that the statute is unconstitutional. We are not convinced that the sentence imposed is so grossly disproportionate to the

crime and appellant's history of recidivism as to constitute cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion).

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. David B. Barker, District Judge
  Jonathan E. MacArthur
  Attorney General/Carson City
  Clark County District Attorney
  Eighth District Court Clerk