An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON WILLIAM CLOUTIER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66662

**FILED**

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of vehicular homicide. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant argues that his conviction violates the Ex Post Facto Clause of the Constitution because his three prior DUI convictions predated the enactment of NRS 484C.130 and therefore he had no notice that his prior convictions subjected him to a more serious offense. Although appellant's prior convictions occurred before the enactment of the statute, at the time he committed the instant offense, NRS 484C.130(1) identified the elements of that offense, including "convict[ion] of at least three offenses." Accordingly, NRS 484C.130 and NRS 484C.440, which sets forth the punishment for vehicular homicide, are not ex post facto laws. *See Dixon v. State*, 103 Nev. 272, 274, 737 P.2d 1162, 1164 (1987); *Hollander v. Warden*, 86 Nev. 369, 373, 468 P.2d 990, 992 (1970).

Appellant next argues that his sentence of life in prison with the possibility of parole constitutes cruel and unusual punishment considering his need for medical, mental, and rehabilitative services and because NRS 484C.130 and NRS 484C.440 are ex post facto laws.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27522

Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The sentence imposed is within the parameters provided by the relevant statutes, *see* NRS 484C.130; NRS 484C.440(1), and, as we concluded above, NRS 484C.130 and NRS 484C.440 are not unconstitutional. Further, appellant caused the deaths of two people while driving under the influence and has a history of driving under the influence. We are not convinced that the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment.

Finally, appellant contends that the district court abused its discretion by imposing a life sentence rather than a definite term of 25 years in prison as authorized by statute. *See* NRS 484C.440(1). Specifically, he argues that the district court did not consider that he has not had the benefit of long-term rehabilitative services and that he will be deprived of such services in light of his life sentence. However, the district court expressly noted that it considered his sentencing argument and memorandum, both of which entreated the district court to impose a 25-year prison term so that he could take advantage of programs to treat his substance abuse and mental health problems. Further, appellant has not

alleged that the district court relied on impalpable or highly suspect evidence. *See Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). We therefore conclude that appellant has not demonstrated that the district court abused its discretion in this instance. *See Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987) (affording the district court wide discretion in sentencing decisions).

Having considered appellant's arguments and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. James E. Wilson, District Judge
       State Public Defender/Carson City
       Attorney General/Carson City
       Carson City District Attorney
       Carson City Clerk