An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MIRANDA M. DALTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66509

**FILED**

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a guilty plea, of driving while under the influence of intoxicating liquor causing death. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti and Jerome T. Tao, Judges.

Appellant Miranda M. Dalton contends that her sentence of 8 to 20 years' imprisonment constitutes cruel and unusual punishment, in violation of the United States and Nevada Constitutions, because the sentencing statute, NRS 484.3795(1) (now codified as NRS 484C.430(1)), is unconstitutional.[1] Specifically, Dalton contends that the sentencing statute is arbitrary and capricious because it does not take into consideration the effect of alcohol addiction on volition and intent, it provides for a maximum sentence exceeding that of 62% of other jurisdictions and also exceeding the maximum sentence in Nevada for willful and malicious crimes such as kidnapping and attempted murder,

---

[1]Dalton also contends in her amended opening brief that trial counsel was ineffective for failing to inform her of her right to appeal from the judgment of conviction. Because the district court already granted relief in the form of this appeal under NRAP 4(c), this claim is moot.

SUPREME COURT
OF
NEVADA

(O) 1947A

15 - 34652

and Dalton's sentence was greater than 78% of other defendants who committed similar crimes.

Regardless of its severity, a sentence that is within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment forbids only an extreme sentence that is grossly disproportionate to the crime). Here, the sentence imposed is within the parameters provided by the relevant statute, *see* NRS 484C.430(1), Dalton's arguments do not demonstrate a constitutional violation, and we are not convinced that the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                                    Douglas

cc:     Hon. Jennifer P. Togliatti, District Judge
        Eighth Judicial District Court Dept. 20
        Schwab Law Group
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

