An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARSHALL C. GREENE A/K/A
MARSHALL C. GREEN, IV,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66276

FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of first-degree murder with use of a deadly weapon. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

First, appellant contends that the district court erred by denying his presentence motion to withdraw his guilty plea. *See* NRS 176.165. "[A] district court may grant a defendant's motion to withdraw his guilty plea before sentencing for any reason where permitting withdrawal would be fair and just." *Stevenson v. State*, 131 Nev., Adv. Op. 61, 354 P.3d 1277, 1281 (2015). At the evidentiary hearing on appellant's motion, counsel explained that the only issue before the court was whether appellant understood the State's theory that he committed first-degree murder by means of torture when he pleaded guilty. The totality of the circumstances demonstrates that appellant understood the theory underlying his plea. *See Crawford v. State*, 117 Nev. 718, 722, 30 P.3d 1123, 1126 (2001) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently."), *overruled on other grounds by Stevenson*, 131 Nev., Adv. Op. 61, 354 P.3d at 1281.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38784

Therefore, we conclude that the district court did not abuse its discretion by denying the motion. *See Crawford*, 117 Nev. at 721, 30 P.3d at 1125.[1]

Next, appellant contends that the district court abused its discretion at sentencing, resulting in a cruel and unusual sentence, because he turned himself in for the crime, indicated remorse, and sought to better himself in prison.[2] We disagree. Regardless of its severity, a sentence within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). Here, the sentence imposed is within the parameters provided by the relevant statutes, *see* NRS 193.165; NRS 200.030(4)(b), and appellant does not allege that those statutes are unconstitutional. Moreover, the sentence is not grossly disproportionate to the crime. Accordingly to appellant, he cheated on his girlfriend and she left him. When she returned the next

---

[1] We reject appellant's contention that we should consider claims disavowed by counsel at the evidentiary hearing. We note that appellant did not testify at the evidentiary hearing and therefore cannot demonstrate that his plea was involuntary.

[2] Appellant was sentenced to life imprisonment without the possibility of parole and a consecutive term of 8 to 20 years' incarceration.

day to apologize, appellant mercilessly beat her with a belt. The victim told appellant she could not breathe and appellant told her he did not care. The victim died as a result of internal injuries she sustained in the beating. Therefore, we conclude that no relief is warranted on this claim.

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. James M. Bixler, District Judge
Law Office of Kristina Wildeveld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk