# IN THE SUPREME COURT OF THE STATE OF NEVADA

RYAN LOPAKA DELAPINIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68339

FILED

JUN 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count each of sexual assault with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon, burglary, and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. The district court sentenced appellant Ryan Lopaka Delapinia to a total aggregate sentence of life in prison with the possibility of parole after 43 years. Delapinia challenges the sentence imposed by the district court on two grounds.[1]

---

[1]Delapinia asserts that cumulative errors "in this trial violated [his] right to a fair trial." There was no trial in this case; Delapinia pleaded guilty. So there are no trial errors to cumulate for purposes of reversing the judgment of conviction. And, there are not multiple sentencing errors to cumulate. We therefore reject Delapinia's cumulative-error claim.

16 - 19037

First, Delapinia argues that he is entitled to a new sentencing hearing on the weapon enhancements because the district court failed to articulate separate and specific findings to support the sentences imposed for those enhancements, as required by NRS 193.165(1) and *Mendoza-Lobos v. State*, 125 Nev. 634, 218 P.3d 501 (2009). Because Delapinia failed to object below, we review for plain error, meaning that Delapinia must show that the error is plain from the record and affected his "substantial rights, by causing 'actual prejudice or a miscarriage of justice.'" *Mendoza-Lobos*, 125 Nev. at 644, 218 P.3d at 507 (quoting *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003))). Although the record shows that the district court heard argument, testimony, and evidence relevant to the factors set forth in NRS 193.165(1)(a)-(e), the record clearly shows that the district court did not comply with this court's directive in *Mendoza-Lobos* to "articulate findings on the record, for each enumerated factor . . . [and] for each enhancement," 125 Nev. at 644-45, 218 P.3d at 508. Having reviewed the record and the parties' arguments, we cannot say that the district court's failure to make the required findings on the record had no bearing on its sentencing decision as to the weapon enhancements. *Cf. id.* at 644, 218 P.3d at 508. We therefore conclude that the district court's omission prejudiced Delapinia with respect to the sentences on the weapon enhancements.

Second, Delapinia argues that the sentences constitute cruel and unusual punishment in violation of the Nevada Constitution and the United States Constitution. Because we reverse and remand as to the sentences for the weapon enhancements, we consider this argument only

in relation to the other sentences. Regardless of its severity, a sentence that is within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). Delapinia does not allege that the sentencing statutes are unconstitutional, and the sentences imposed in this case are within the parameters provided by the relevant statutes, NRS 200.320(2) (providing for sentence of life with the possibility of parole after 5 years or definite term of 5-15 years for first-degree kidnapping with no substantial bodily harm to the victim); NRS 200.366(2)(b) (providing for sentence of life with the possibility of parole after 10 years for sexual assault with no substantial bodily harm to the victim); NRS 200.380(2) (providing for sentence of 2 to 15 years for robbery); NRS 205.060(2) (providing for sentence of 1 to 10 years for burglary). Considering the circumstances of the crimes, particularly that Delapinia kidnapped a 22-year-old woman who was out for a run, robbed her, forced her to commit fellatio on him, and threatened her while brandishing a weapon, we are not convinced that the sentences imposed are so grossly disproportionate to those crimes as to constitute cruel and unusual punishment.

Having considered Delapinia's claims and concluded that he is entitled to relief on the sentences for the weapon enhancements, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Douglas

_____, J.
Cherry

GIBBONS, J., concurring and dissenting:

I agree that the cruel-and-unusual-punishment challenge lacks merit. I disagree, however, that the district court's failure to articulate findings for the factors relevant to the weapon enhancement sentences warrants reversal. In my opinion the omission did not cause any prejudice or a miscarriage of justice. I therefore would affirm the judgment of conviction.

_____, J.
Gibbons

---

[2]We further direct that this matter be assigned to a different district court judge for resentencing on the weapon enhancements.

cc: Chief Judge, Eighth Judicial District Court
Hon. Eric Johnson, District Judge
Eric G. Jorgenson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk