# IN THE SUPREME COURT OF THE STATE OF NEVADA

SETH THOMAS KUNIS-BIDEGARY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71121

**FILED**

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of attempted sexual assault of a child under the age of 14 years and two counts of possession of visual presentation depicting sexual conduct of a person under 16 years of age. Sixth Judicial District Court, Humboldt County; Jim C. Shirley, Judge. Appellant challenges his aggregate sentence of 144-480 months' incarceration. We affirm.[1]

Appellant objected to the sentence recommendation included in his presentence investigation report (PSI) before sentencing. He argued that the proffered reasons for deviating from the sentencing range calculated by his Probation Success Probability form (PSP) were already contemplated by the PSP. On appeal, he asserts that the district court erred by failing to resolve his objection before imposing sentence, *see Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. 243, 250, 255 P.3d 209, 214 (2011), and abused its discretion by relying on the disputed

---

[1]We disagree with the State's assertion that this appeal is barred by NRS 177.015(4).

recommendation, *see Blankenship v. State*, 132 Nev., Adv. Op. 50, 375 P.3d 407, 413 (2016). We disagree. The Division of Parole and Probation identified specific reasons for deviating from the range suggested by the PSP and appellant fails to demonstrate that the deviation lacked a rational basis even if some of the reasons were partially contemplated by his raw score. *See id. at* 414. At sentencing, appellant acknowledged that his objection to the deviation was more an argument as to why the recommendation was excessive than a formal objection to the PSI. After listening to appellant's arguments, the district court announced that it was imposing a lesser sentence than that recommended in the PSI and explained its reasons for the sentence imposed. Appellant fails to demonstrate that the district court abused its discretion under the circumstances. *See id.* at 413; *see also Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987) (recognizing that the sentencing judge has wide discretion in imposing a sentence).

We also disagree with appellant's contention that his sentence constitutes cruel and unusual punishment. The sentence imposed is within the parameters provided by the relevant statutes, *see* NRS 193.330(1)(a)(1); NRS 200.366(3)(c); NRS 200.730(1), and appellant does not allege that those statutes are unconstitutional. Although the sentence was significant, it does not shock the conscience given the nature of appellant's crimes, which involve appellant repeatedly engaging in sexual acts with two girls who were 11-13 year of age and convincing them to send him explicit pictures. *See Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (explaining that, regardless of its severity, a sentence that is within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is

so unreasonably disproportionate to the offense as to shock the conscience'" (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

Having considered appellant's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Jim C. Shirley, District Judge
      Dickinson Wright PLLC
      Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
      Attorney General/Carson City
      Humboldt County District Attorney
      Humboldt County Clerk