# IN THE SUPREME COURT OF THE STATE OF NEVADA

VANESHIA OLIVER, A/K/A VENESHIA
LANETTE OLIVER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83276

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery, coercion, possession of a debit or credit card without cardholder's consent, possession of burglary tools, two counts of fraudulent use of a credit or debit card, three counts of burglary of a business, four counts of theft, four counts of attempted fraudulent use of a credit or debit card, five counts of conspiracy to commit burglary, five counts of conspiracy to commit larceny, five counts of residential burglary, and five counts of invasion of the home.[1]  Eighth Judicial District Court, Clark County; Michael Villani, Judge.

A jury found appellant Vaneshia Oliver and a codefendant guilty of perpetrating a series of burglaries that involved Oliver and the codefendant prying open hotel room doors while the guests were away and stealing various items, including electronics and credit cards.  First, Oliver

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-25199

argues that she is entitled to the guilty plea agreement that the State withdrew after her codefendant rejected the package plea offer. We disagree because a defendant has no right to a plea bargain, and the prosecutor is not obliged to negotiate a case if she prefers to go to trial. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The State offered a guilty plea agreement that was "contingent upon both defendants accepting the negotiation." Oliver's codefendant chose to defend against the criminal charges at trial, and the State withdrew its offer. Oliver's argument that a conditional guilty plea offer based on the decision of a third party is fundamentally unfair is without merit as the weight of authority refutes her contention. *See, e.g., United States v. Williams*, 827 F.3d 1134, 1164-65 (D.C. Cir. 2016) (explaining that "a plea deal contingent on a co-defendant's guilty plea" did not violate defendant's due process rights); *United States v. Gonzalez-Vazquez*, 219 F.3d 37, 43 (1st Cir. 2000) (explaining that a "package deal" plea offer would not violate defendant's constitutional rights); *United States v. Seligsohn*, 981 F.2d 1418, 1426 (3d Cir. 1992) ("Package deal plea bargains, in which a prosecutor makes an agreement with one defendant contingent upon a co-defendant also pleading guilty, are permissible provided that the defendant's decision to forego a trial is otherwise voluntary."), *superseded by statute for other reasons as stated in United States v. Corrado*, 53 F.3d 620, 624 (3d Cir. 1995); *United States v. Wheat*, 813 F.2d 1399, 1405 (9th Cir. 1987) (declining to declare "'package-deal' plea bargains" per se impermissible). Therefore, we conclude that Oliver has not shown she is entitled to relief.

Next, Oliver argues that the district court erred in denying her motion to sever her trial from her codefendant's because her codefendant's

counsel acted as a "second prosecutor" against her during closing argument. After reviewing the record, we disagree. A district court has discretion to sever a trial and its decision will not be reversed on appeal unless the appellant shows that the court abused its discretion. *See Marshall v. State*, 118 Nev. 642, 646-47, 56 P.3d 376, 379 (2002). "[M]isjoinder requires reversal only if it has a substantial and injurious effect on the verdict." *Id.* at 647, 56 P.3d at 379. While Oliver points to codefendant's counsel telling the jury that surveillance video depicted Oliver using stolen credit cards, counsel qualified the comment by stating, "or whoever it was." Furthermore, Oliver's codefendant did not testify or present evidence to exonerate himself and inculpate Oliver in any of the other crimes. Thus, to the extent that Oliver and her codefendant presented antagonistic defenses, she has not shown that the joint trial had a substantial and injurious effect on the verdict. *See id.* at 648, 56 P.3d at 379 (explaining that "antagonistic defenses are a relevant consideration but not, in themselves, sufficient grounds for concluding that joinder of defendants is prejudicial"). Accordingly, we conclude that the district court did not abuse its discretion in denying Oliver's motion to sever.[2]

Next, Oliver argues that her sentence constitutes cruel and unusual punishment because it exceeds the sentence contemplated in the

---

[2]Likewise, Oliver has not shown that the district court abused its discretion in not granting her related request for a mistrial based on the argument of codefendant's counsel. *See Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004) ("The trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion.").

withdrawn guilty plea agreement. The district court has wide discretion in its sentencing decision. *See Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). Regardless of its severity, "[a] sentence within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted).

Here, Oliver was sentenced for victimizing multiple individuals and businesses. The parties agree that Oliver's sentence for coercion is outside the statutory range and thus illegal. *See* NRS 207.190(2)(a). We agree and therefore vacate the sentence for coercion and remand to the district court for resentencing and to recalculate the aggregate sentence.[3] The other sentences imposed are within the parameters provided by the relevant statutes. *See* NRS 193.130; NRS 193.140; NRS 193.153; NRS 199.480; NRS 200.380(2); NRS 205.060(2)(c)-(d); NRS 205.067(2); NRS 205.080; NRS 205.0835; NRS 205.220(1); NRS 205.690; NRS 205.760(1). Oliver neither alleges that those statutes are unconstitutional, nor has she shown that the sentences were disproportionate to the crimes committed. Therefore, Oliver has not shown that the sentences constitute cruel and unusual punishment.

---

[3]In entering an amended judgment of conviction, the district court must also correct clerical errors that omitted counts 1, 2, 9, 10, 19, 20, 26, 27, 31, 32, and 37 from the charges for which the jury found Oliver guilty. Additionally, count 36 must be corrected to reflect that the jury found Oliver guilty of violating NRS 205.690 not NRS 205.465.

Finally, Oliver argues that cumulative error warrants relief. We disagree because Oliver has shown only one error in her sentence; thus, there is nothing to cumulate. *See Lipsitz v. State*, 135 Nev. 131, 139 n.2, 442 P.3d 138, 145 n.2 (2019) (concluding that there were no errors to cumulate when the court found only a single error). Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for the entry of an amended judgment of conviction consistent with this order.[4]

_____, C.J.
Parraguirre

_____, J.                          _____Sr.J.
Silver                                       Gibbons

cc:     Chief Judge, Eighth Judicial District Court
        Department 17, Eighth Judicial District Court
        Law Offices of Martin Hart, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.